UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER B.

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-cv-05298-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found Plaintiff's depressive, bipolar and related disorders, and traumas and stressor disorders are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform work involving simple instructions, simple decisions and does not require specific production or quotas, and is limited to occasional contact with others and occasional changes in a work setting; Plaintiff has no past work but is not disabled because she can perform work as a sweeper cleaner industrial; marker, or routing clerk. Tr. 17-26.

Plaintiff contends that by erroneously discounting the opinions of E. Andreas Shadrach, Psy.D. and Plaintiff's testimony, the ALJ harmfully erred in determining residual functional capacity (RFC) and in finding at step five there are jobs Plaintiff can perform. Dkt. 23.

As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A. Dr. Shadrach

Plaintiff argues the ALJ misevaluated Dr. Shadrach's opinions that Plaintiff would be more successful with just one to two step instructions at a time, and Plaintiff's "ability to maintain persistence and concentration in a part-time setting with limited conceptual demands may not be possible as her PTSD and depressed moods are still problematic despite medication management." Tr. 835.

The ALJ was required to evaluate Dr. Shadrach's opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other); supportability and consistency are the two most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must explain how the factors of supportability and consistency were considered. 20 C.F.R. § 416.920c(b). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff first argues the ALJ accepted Dr. Shadrach's opinion Plaintiff is limited to one and two step instructions but did not include this limitation in the hypothetical questions posed to the VE. Dkt. 23 at 4 (referring to Tr. 834). The ALJ accepted Dr. Shadrach's opined Plaintiff was limited to simple work with limited social interaction and workplace changes, as these limitations are set forth in the RFC determination. However, the ALJ should have but did not address Dr. Shadrach's statement Plaintiff "would be more successful with just one to two

instructions at a time," which would further diminish Plaintiff's work ability. Tr. 834. The ALJ's treatment of this limitation stands in contrast to the ALJ's specific finding that Dr. Shadrach's opinion Plaintiff would struggle to perform even part-time work is not persuasive for two different reasons discussed below.

Plaintiff next argues the ALJ erroneously discounted Dr. Shadrach's opinion Plaintiff's "ability to maintain persistence and concentration in a part-time setting with limited conceptual demands may not be possible as her PTSD and depressed moods are still problematic despite medication management." Tr. 835.

The ALJ found this opinion:

> is not persuasive as it is not supported by Dr. Shadrach's own examination results, that do not show significant mental status deficits (Exhibit 3F). This opinion is inconsistent with evidence [sic] the record that showed that despite some setbacks Ms. [B] responded well to increases in medication or restarts in taking medication.

*Id.* Substantial evidence does not support the ALJ's supportability finding. Dr. Shadrach did not find Plaintiff was limited in the ability to maintain persistence and concentration in a part-time setting based upon mental exam results that were obtained in a short period of time. The doctor found Plaintiff was cooperative, was not agitated, had logical speech and had okay mood and affect, had some memory problems, had normal fund of knowledge, could perform basic calculations, could perform simple three-step commands, and had normal reasoning and judgment. Tr 832-33. However, notwithstanding mental status findings which indicate how Plaintiff performs in a medical setting and over a short period of time, Dr. Shadrach opined Plaintiff's ability to sustain work and attention would be "compromised by PTSD symptoms and depressed moods," and that Plaintiff 's "ability to maintain concentration and persistence in a typical work setting with a 40-hour work week will likely be impacted by PTSD symptoms

and depressed moods." Tr. 835. The ALJ failed to address Dr. Shadrachs' opinion Plaintiff's depression and PTSD may prevent Plaintiff from completing a work-week and accordingly erred.

The ALJ also discounted Dr. Shadrach's opinion finding the record showed despite setbacks Plaintiff responded well to increases in medication, i.e. Dr. Shadrach's opinion is inconsistent with the record. This finding appears to reflect the ALJ's finding that the state psychological consultants' opinions are "consistent with evidence that showed that Ms. B [ ] responded well to increases in medication, or restarts in taking medication, and did not show significant mental status deficits (Exhibit 9F/35-36, 43, 51, 55, Exhibit 6F/359)." Tr. 24.

Substantial evidence does not support the ALJ's consistency finding. Exhibits 6F and 9F indicate Plaintiff benefited from medications but do not show medications so improved Plaintiff's mental health symptoms that Plaintiff had the RFC to perform the jobs found at step five. If anything, Dr. Shadrach is correct that despite medication management, Plaintiff continues to suffer from significant mental health symptoms. The record support Dr. Shadrach's opinion. *See* Tr. 1343 (4/11/24), Plaintiff "has been experiencing low moods" and; struggling with different emotions" while on mediations; Tr. 1345 (4/26/24) Plaintiff unable to take medication for 5 days due to GI problems; Tr. 1346 (5/3/24 Plaintiff on medications but reports "mild dissociation"; Tr. 1349 (5/9/24) continued low moods and hopelessness; Tr. 1355 (5/17/24) lift in mood; Tr. 1358-59 (5/23/24) despite medications feels depressed, though some improvement; Tr. 1275 (5/24/24 reports some improvement continues to feel overwhelmed and sad at time, Tr. 1362 (6/6/24) difficulty with family and medications do not feel helpful; Tr. 1364 (6/13/24) Spravato helps depression but anxiety is high; Tr. 1366 (7/5/24) continues to struggle with depression and anxiety; Tr. 1368 (7/12/24) reports downturn; Tr. 1370 (7/18/24)

anxiety over relation dilemma; Tr. 1372 (8/15/24) appears depressed and anxious about family; Tr. 1374 (8/29/24) feels better about her family; Tr. 1376 (9/10/24) last months were rough; Tr. 1380 (10/17/24) Plaintiff and father have made a truce; Tr. 1382 (10/31/24) Plaintiff feels resentment; Tr. 1384 (11/12/24) feels a little better; Tr. 1387 (11/27/24) overwhelmed and stopped medications and appears anxious; Tr. 1389 (12/12/24) stopped medications and is depressed; Tr 1392 (1/14/25) increased depression, no medications for 6 weeks; and Tr. 1396 (1/28/25) mild change with medication but consistent sadness rumination and lack of appetite and motivation continues.

In sum, the Court finds the ALJ harmfully erred in discounting Dr. Shadrach's opinions, and the ALJ shall reassess the doctor's opinions upon remand.

**B. Plaintiff's Testimony**

The ALJ rejected Plaintiff's testimony as not entirely consistent with the medical evidence and other evidence. Because the ALJ erroneously discounted Dr. Shadrach's opinion and whether Plaintiff improved with medications, the ALJ shall reassess Plaintiff's testimony on remand because her testimony is inextricably intertwined with these findings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court finds further administrative proceedings are necessary because the reassessment of Dr. Shadrach's opinion and Plaintiff's testimony are matters that are appropriately performed by the ALJ, not the Court in the first instance on review. Accordingly, the Court declines to order remand for an immediate calculation of disability benefits as Plaintiff requests.

On remand, the ALJ shall reassess the opinions of Dr. Shadrach, and Plaintiff's testimony; develop the record and redetermine RFC as necessary; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 22nd day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge